UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLWIN DWAYNE JOHNSON, JR., | No. 2:24-cv-0562 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB ST. ANDRE, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner stands convicted of murder and two counts of assault with a deadly weapon. ECF No. 12-2 at 2. Re-sentencing was ordered via a successful appeal. Id. at 32. On October 27, 2017, petitioner was ordered to serve 23-years-to-life in prison. ECF No. 12-5 at 2. Respondent seeks dismissal of the habeas petition for violation of the applicable limitations period. Respondent also asserts that ground 2 is not a valid basis for federal habeas relief.

I. Ground 2

In Ground 2, petitioner asserts that his Fourteenth Amendment right to due process was violated by the Superior Court of Stanislaus County by way of that court's denial of a petition for collateral review. As noted by respondent, errors in state collateral review proceedings are not a valid basis for federal habeas relief. Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).

The court agrees that Ground 2 must be dismissed.

II. <u>Limitations</u>

    A.   <u>Commencement</u>

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal the October 27, 2017, sentence imposed by the Superior Court of Stanislaus County. Accordingly, the convictions and sentences challenged here became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on December 26, 2017, when time to appeal expired. Cal. R. Ct. 8.308(a). The limitations period began running the next day. This action was not commenced until January 2024.

In his opposition, petitioner suggests that the limitations period with respect to Ground 1, petitioner's only remaining claim, began to run after his conviction and sentences become final under 28 U.S.C. § 2244(d)(1)(D). Essentially, Ground 1 is that petitioner wished to accept a plea deal proffered by the district attorney, but counsel refused to convey petitioner's wishes. While there do appear to be some facts in support of petitioner's claim not discovered until after the conclusion of direct review, such facts have more to do with why counsel did not convey petitioner's desire to plead guilty and not whether counsel did convey the information. Such facts are relevant but not material to petitioner's claim. The material facts concern whether a plea

agreement was offered, whether petitioner wished to take the deal, and whether counsel conveyed petitioner's desire to the district attorney. There do not appear to be any facts material to these questions which came to light after the conclusion of direct review. See Flannagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) (§ 2244(d)(1)(D) does not convey a right to an extended delay for the gathering of evidence).

B. Statutory Tolling

The imitations period applicable to § 2254 claims is tolled while a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Respondent agrees that under this provision, petitioner is entitled to tolling of the applicable limitations period between October 23, 2018, and December 14, 2022, while petitioner pursued a complete round of collateral relief at all three levels of California courts. See Carey v. Saffold, 536 U.S. 214, 224-25 (2002) (in California, time between denial of application at lower court and filing of application at higher are tolled as well as the time the petitions are pending). There is no basis for statutory tolling between December 27, 2017, and October 22, 2018, or after December 14, 2022.[1] Without the help of equitable tolling which the court addresses below, the petition filed in this action is about a year late.

C. Equitable Tolling

The limitation period applicable to a § 2254 habeas petition will be "equitably tolled" if the petitioner shows that even though the petitioner exercised reasonable diligence, some extraordinary circumstance made timely filing impossible. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner claims that he was without his legal property between December 27, 2017, and

---

[1] Respondent indicates that petitioner filed a second petition for collateral review in the Superior Court of San Joaquin County after the first round of collateral review concluded. ECF No. 10 at 6. According to respondent, that petition was filed 390 days after the denial of petitioner's only California Supreme Court petition which occurred December 14, 2022. But petitioner does not identify a second Superior Court petition and there is no evidence that a second Superior Court petition was filed in the record before the court. In any case, if such a petition was filed, it would have been filed after the petition in this case and would have no relevance as to whether this petition is time-barred.

February 8, 2018, while he was housed at the Stanislaus County Jail because of resentencing proceedings. Petitioner also generally claims he was slowed down by time spent working in prison, limited access to the prison law library, and Covid-19 lockdowns.

Limited access to a prison law library and a requirement that a prisoner spend time working are not extraordinary circumstances for purposes of equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (general limitations on access to prison law library not extraordinary); Fox v. Holland, No. 15-cv-02134 YGR, 2016 WL 4943003, at *5 (N.D. Cal. Sept 16, 2016) (prison work assignment not extraordinary).

Most likely, Covid-19 did create some extraordinary circumstances, but petitioner fails to show that he experienced any of them while the limitations period ran in this action. Covid-19 did not appear until the end of 2019, and petitioner fails to point to anything suggesting that operations at his prison were still hampered by Covid-19 when the limitations clock started running again in late 2022.

In sum, petitioner fails to show that extraordinary circumstances were the cause of his late filing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF NO. 7) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue if he files an appeal of judgment. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the

prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john0562.mtd