1
2
3
4
5
6
7
8
9                          UNITED STATES DISTRICT COURT

10                      FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   Aylwin Dwayne Johnson, Jr.,                No. 2:24-cv-0562 KJM CKD P

13                  Petitioner,

14          v.                                  ORDER

15   Rob St. Andre,

16                  Respondent.

17

18          Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas

19   corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as

20   provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21                  On December 20, 2024, the magistrate judge filed findings and recommendations,

22   which were served on petitioner and which contained notice to petitioner that any objections to

23   the findings and recommendations were to be filed within fourteen days.  *See* F & Rs, ECF No.

24   26.  Neither party has filed objections to the findings and recommendations.

25          The court presumes that any findings of fact are correct.  *See Orand v. United States*,

26   602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed

27   de novo.  *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law

28   by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

                                                  1

. . . .").  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

The court agrees with the magistrate judge's recommendation that petitioner's habeas petition should be dismissed based on *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). *See* F&Rs at 1.  The court also agrees with the magistrate judge's recommendation and the government's reply brief, *see* Reply at 5–9, ECF No. 24, that petitioner's habeas petition is not entitled to equitable tolling, *see* F&Rs at 3–4.  The magistrate judge found there had not been any specific evidence provided to support petitioner's claims the Covid-19 pandemic was an extraordinary circumstance that hampered petitioner's ability to timely file his habeas petition. F&Rs at 4; *see Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (lack of library access on its own was not automatic grounds for equitable tolling).  Furthermore, petitioner's statutory tolling period ran in the time period outside of the Covid-19 pandemic.  *See* F&Rs at 3-4; *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (holding petitioners must show reasonable diligence "not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court").  Because petitioner's habeas petition was not filed during the otherwise applicable statutory tolling period, the court finds the petition is untimely.  *See* 28 U.S.C. § 2244(d)(1)(A) (state prisoners challenging their custody have one year to file a federal petition from the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 26) are adopted in full;

2. Respondent's motion to dismiss (ECF No. 10) is granted;

3. Petitioner's petition for a writ of habeas corpus is dismissed;

4. The Clerk of Court shall close this action; and

5. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

This resolves ECF Nos. 10, 26.

2

1           IT IS SO ORDERED.

2    DATED:  February 19, 2025.

3

4    _____

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28